UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. 98-cr-40005-JPG |
| ) | |
| LEE FLOYD KIBLER,   ) | |
| ) | |
| Defendant.   ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Lee Floyd Kibler's *pro se* Motion for Transcripts (Doc. 243). Specifically, Kibler asks for a free copy of several specific documents from his criminal case file.

As the Court explained to Kibler in a previous Order (Doc. 238), wherein the Court denied Kibler's *pro se* Motion for Statement of Reasons, defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413-14 (E.D. Wis. 1993). More precisely, before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2), which includes a certified copy of the prisoner's trust fund account for the previous six-month period prior to the filing of his motion), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See* § 753(f); *United*

1

*States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14.  These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.  Moreover, these requirements do not violate the United States Constitution.  *See United States v. McCollum*, 426 U.S. 317 (1976) (decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection rights).

Here, Kibler fails to meet the abovementioned at its most fundamental, as he currently has no pending matter before this Court.[1]  As such, this Court is unable to certify that he is pursuing a matter that is not frivolous or that the sought document is needed to decide the issue or issues presented by such a matter.  *United States v. Hovarth*, 157 F.3d 131, 132 (2d Cir. 1998) (*per curiam*) (motion for free transcript not ripe until filing of § 2255 challenge to sentence); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (*per curiam*) (denial of transcript justified prior to filing of § 2255 challenge to sentence).

If, at some point, Kibler should have an action pending before this Court, he may resubmit his request for free transcripts.  At such time, he will have the burden to establish (1) that he has exhausted *all* other means of access to the sought document, (2) that he is indigent (such as by submitting an affidavit and a record of his prison trust fund account for the last six months), and (3) that the document is needed to decide a pending, non-frivolous motion.

---

[1] Kibler did previously attack his conviction by means of habeas petition pursuant to 28 U.S.C. § 2255.  *See Lee Floyd Kibler v. USA*, Case No. 03-cv-4154-JPG (S.D. Ill. Sept. 4, 2003).  However, his petition was ultimately denied by this Court, and his appeal therefrom was dismissed by the Seventh Circuit Court of Appeals for failure to timely pay the required docketing fee.

For the foregoing reasons, the Court **DENIES** the instant motion (Doc. 243).

**IT IS SO ORDERED**.
**DATED: May 25, 2010**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**